UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **GRANT SUNNY IRIELE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 7:20-cv-383-LSC |
| ) | |
| **RICHARD CARROLL GRIFFIN,** ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THE UNITED STATES' REPLY
TO PLAINTIFF'S RESPONSE
TO THE COURT'S 4 JANUARY 2021 INQUIRY**

**INTRODUCTION**

Applicable law clearly states that a non-attorney cannot represent a decedent's estate in court. Any complaint he files for the estate is thus null and void, and the Court should dismiss it. The Court should do the same with any amendment to the complaint because there was nothing to amend in the first place.

Grant Sunny Iriele, a non-attorney identifying himself as the personal representative of his mother, Rosemary Iriele's, estate, personally filed a *Bivens* complaint against several Bureau of Prisons employees just before the statute of limitations ran. He alleged that they violated Ms. Iriele's Eighth Amendment rights by being deliberately indifferent to her medical needs during her stay at FCI

1

Aliceville. After the statute of limitations ran, he hired an attorney who filed an amended complaint containing the original *Bivens* claim, several new *Bivens* claims, and two FTCA claims against the United States. But because Mr. Iriele is not an attorney and filed suit on behalf of an entity, his original complaint is a nullity. By extension, his amended complaint is, too. The Court should thus dismiss this suit.

## ARGUMENT

### I. A Non-Attorney Cannot Represent An Estate In Court, And Any Pleadings He Files For It Are Thus Null And Void.

Per 28 U.S.C. § 1654, parties in federal cases "may plead and conduct their own cases personally or by counsel." But the right to appear pro se is limited to parties conducting "their own cases," and does not extend to non-attorneys representing the interests of others.[1] Section 1654 does not allow entities to appear in federal court "otherwise than through a licensed attorney."[2] This includes estates.[3]

---

[1] *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) ("Section 1654, Title 28, the general provision permitting parties to proceed pro se . . . appears to provide a personal right that does not extend to the representation of the interests of others."); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (same) (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (determining that non-lawyer parent is authorized to sue on minor child's behalf, but may not appear pro se on child's behalf in federal court), *overruled in part on other grounds*, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)).

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (holding that only a natural person could proceed in a lawsuit in forma pauperis); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (a corporation must be represented by counsel).

[3] *Franklin*, 462 F. App'x at 930 (citing section 1654: "Because Franklin, as a non-lawyer, was not permitted to proceed pro se on behalf of Elnoria Franklin's estate, she can prove no set of facts entitling her to relief. Thus, the district court properly dismissed her complaint pursuant to Rule 12(b)(6)."); *Estate of Robbins v. Runyon*, No. 815CV02832EAKJSS, 2016 WL 10540935, at *2 (M.D. Fla. Jan. 14, 2016) ("In the Eleventh Circuit, a non-lawyer is not permitted to proceed pro se on behalf of an estate.").

Both Federal Rule of Civil Procedure 11 and this Court's Local Rule 83.1 reenforce section 1654's requirement. Rule 11(a) requires that "[e]very pleading, written motion, and other paper" presented to a court "be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."[4] Per Local Rule 83.1(d), a party litigating in this Court "may appear and be represented of record only by a member of the bar of this court, by an attorney permitted to appear [pro hac vice or on behalf of the United States or the Federal Defender], or, if an *individual*, by himself or herself pro se."[5]

Alabama law is the same: it permits *individuals* to represent themselves pro se.[6] Otherwise, "[o]nly such persons as are regularly licensed have authority to practice law" in Alabama.[7]

Pleadings filed in court in violation of these laws and rules are null and void.[8]

---

[4] *See also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (discussing 28 U.S.C. § 1654 and Rule 11: "[W]here the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

[5] (Emphasis added.)

[6] Ala. Const. Art. I, § 10 ("That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party.").

[7] Ala. Code § 34-3-6(a); *see also Franklin*, 462 F. App'x at 930 (pointing out that section 1654 and federal case law's prohibition on non-attorney legal representation are "consistent with Alabama law, which prohibits a plaintiff from 'fil[ing] a complaint on behalf of anyone else, even an estate of which he is the executor.'" (quoting *Godwin v. State ex rel. McKnight*, 784 So. 2d 1014, 1015 (Ala. 2000))); *In re Glob. Const. & Supply, Inc.*, 126 B.R. 573, 575 (Bankr. E.D. Mo. 1991) (finding Missouri law concerning unauthorized practice of law relevant to analysis of whether non-attorney pleading filed on behalf of entity was legal nullity: "In short, the Court believes it is clear from federal case law and statutes, the rules of this District, and Missouri law that Mr. Harting's representation of Global constitutes an unauthorized practice of law.").

[8] *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1388 n.1 (11th Cir. 1993) ("Dr. Martin–Trigona's attempt to file notice of appeal for her two minor grandchildren was ineffective."); *Theriault v.*

The same is true with respect to amendments to such pleadings, because there was nothing to amend to begin with.[9]

The Court should dismiss these nullities because they violate section 1654, Rule 11, this Court's local rules, and Alabama law.[10] Doing otherwise approves the unauthorized practice of law when both federal and state law forbid it, and encourages non-attorneys to file foothold complaints when it suits them.[11] Even

---

*Silber*, 579 F.2d 302 n.1 (5th Cir. 1978) ("The appellant, Theriault, purports to appeal both for himself and one Jerry Dorrough. Since Theriault is not a member of the bar of this court his notice of appeal is effective only for himself."); *Dillard v. Fed. Home Loans Mortg. Corp.*, No. 1:10-CV-2716-ODE-AJB, 2010 WL 11647038, at *3 (N.D. Ga. Sept. 3, 2010) (citing section 1654 and Rule 11(a) in support of finding that complaint filed by non-attorney representative on behalf of another was void (collecting cases)), *report and recommendation adopted sub nom. Dillard v. Fed. Home Loan Mortg. Corp.*, No. 1:10-CV-2716-ODE, 2010 WL 11647039 (N.D. Ga. Nov. 9, 2010); *Ex parte Ghafary*, 738 So. 2d 778, 781 (Ala. 1998) ("We hold that [Ala. Code] § 34–3–6(a) prohibits a nonattorney executor or personal representative from representing an estate before a court of law. Thus, the complaint personally filed by Donna Stewart as executrix was a nullity . . . .").

[9] *In re Engle Cases*, No. 3:09-CV-10000-J-32, 2013 WL 8115442, at *4 (M.D. Fla. Jan. 22, 2013) (finding that amendments cannot save complaints that were nullities to begin with), *aff'd*, 767 F.3d 1082 (11th Cir. 2014); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (denying motion to substitute and amend where named plaintiff had died approximately thirty-five minutes prior to attorney filing complaint: "The action being void at its inception, there were no claims capable of amendment.").

[10] *Franklin*, 462 F. App'x at 930 ("Because Franklin, as a non-lawyer, was not permitted to proceed pro se on behalf of Elnoria Franklin's estate, she can prove no set of facts entitling her to relief. Thus, the district court properly dismissed her complaint pursuant to Rule 12(b)(6)."); *Ballard v. Bank of Am. Corp.*, No. 113CV04011ODERGV, 2014 WL 11970543, at *11 (N.D. Ga. Sept. 11, 2014) ("Consequently, because DeMaxx 'cannot appear pro se in this Court and must be represented by an attorney,' the complaint as to plaintiff DeMaxx is due to be dismissed in its entirety." (quoting *Re/Max, LLC v. Prop. Professionals of Tampa Bay, Inc.*, No. 8:14-CV-419-T-33TGW, 2014 WL 2854991, at *2 (M.D. Fla. Apr. 22, 2014))), *report and recommendation adopted sub nom. Timothy Ballard & Demaxx Inc. v. Bank of Am. Corp.*, No. 1:13-CV-4011-ODE-RGV, 2014 WL 12284028 (N.D. Ga. Oct. 30, 2014); *see also Jones v. United Space All., L.L.C.*, 170 F. App'x 52, 57 (11th Cir. 2006) (holding that district court did not abuse its discretion in granting a motion to strike based on violation of local rules).

[11] *See Frue's Oasis, LLC v. Laughlin*, No. 15-521, 2015 WL 4401776, at *1 (W.D. Pa. July 17, 2015) (dismissing bankruptcy-court appeal filed on entity's behalf by non-attorney because entertaining jurisdiction over it would "essentially sanction" the unauthorized practice of law, which was forbidden by Federal Rules of Bankruptcy Procedure and federal and state case law).

worse, it subjects everyone to the potential injuries associated with allowing non-attorneys to represent others in court.

The Supreme Court of Alabama addressed these concerns in *Ex Parte Ghafary*.[12] There, a non-attorney estate executrix filed a wrongful-death complaint on behalf of her mother's estate shortly before the statute of limitations ran.[13] The defendants moved to dismiss the complaint on the ground that it was a nullity because a non-attorney filed it.[14] The trial court denied that motion, and the defendants sought a writ of mandamus directing the court to rescind its denial and dismiss the case.[15] The Alabama Supreme Court granted the writ, finding that "[Alabama Code] § 34–3–6(a) prohibits a nonattorney executor or personal representative from representing an estate before a court of law," and that the plaintiff's complaint was thus a nullity.[16]

The court listed several critical policy reasons for this approach: protecting people from "injury caused by ignorance and lack of skill on the part of those who are untrained and inexperienced in the law," protecting the courts "from the interference of those who are unlicensed and are not officers of the court," and "preventing the unscrupulous from using the legal system for their own purposes to

---

[12] 738 So. 2d 778.
[13] *Id.* at 779.
[14] *Id.*
[15] *Id.* at 778-79.
[16] *Id.* at 781.

the detriment of the system and of those who may unknowingly rely on them."[17]

Federal courts have similar concerns about non-attorney representation.[18] Accepting such pleadings, including Mr. Iriele's complaint, runs against them all.

## II. The Court Should Dismiss Mr. Iriele's Original And Amended Complaints Because They Are Null And Void.

### A. Because Mr. Iriele is not an attorney, his original complaint is null and void, as is the amended complaint.

The parties agree that the statute of limitations for Ms. Iriele's Estate's *Bivens* claims expired on 21 March 2020.[19] They also agree that Mr. Iriele, a non-attorney, filed the original complaint on 20 March.[20] In it, he alleged that the individual BOP employees violated Ms. Iriele's Eighth Amendment rights through deliberate indifference to her medical needs, and by causing her pain, suffering, emotional

---

[17] *Id.* at 779; *see also Godwin*, 784 So. 2d at 1015 (finding that non-attorney executor could not file complaint on behalf of estate, and that purpose of this prohibition was "to ensure that laymen do not serve others in a representative capacity in areas that require the skill and judgment of a licensed attorney"); *Black v. Baptist Med. Ctr.*, 575 So. 2d 1087, 1088-89 (Ala. 1991) (finding medical-malpractice complaint submitted by attorney who was not an Alabama Bar member and who had not followed the pro hac vice admission procedure set forth in Alabama Bar Rule VII was a nullity, that his client's cause of action thus had not been submitted within statute of limitations, and that a subsequent appearance by an Alabama Bar member on his behalf did not cure the defect; and rejecting the argument that Bar Rule VII was a minor, technical rule, the application of which would be unfair to plaintiff).

[18] *Palazzo*, 764 F.2d at 1385 (acknowledging "importance of the Centuries-old concept of a Court having a lawyer before it who has been qualified to practice, and who is subject to the Court's control." (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975), *aff'd sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), and *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976))); *Charest v. Williams*, No. 2:07CV984-MHT, 2008 WL 686621, at *1 (M.D. Ala. Mar. 7, 2008) ("The competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975))).

[19] ECF No. 26 at 7.

[20] *Id.*; ECF No. 1 at 1.

distress, and wrongful death.[21]

Mr. Iriele filed an amended complaint through counsel in November 2020.[22] In it, he (1) re-presented the deliberate-indifference claim; (2) added three new *Bivens* claims against subsets of the individual BOP employees for failure to train, discipline, and protect; and (3) added two FTCA claims.[23]

But Mr. Iriele's complaint and amended complaint are nullities. The complaint is a nullity because he is not an attorney, and thus could not represent the Estate in court. The amended complaint is a nullity because the original complaint is null, and there was thus no pleading for Mr. Iriele's attorney to amend.

### B.   *Esposito* and *Hess* do not apply.

In *Esposito v. United States*, an attorney named a deceased individual as plaintiff in a FTCA wrongful-death suit filed just before the statute of limitations ran when he should have, under Kansas law, instead named the deceased's heirs.[24] The Tenth Circuit held that the deceased's lack of capacity at the time his attorney filed suit did not prevent the substitution of his wife as administratrix of his estate and plaintiff from relating back, under Federal Rule of Civil Procedure 17(a), to the date his attorney filed suit.[25]

---

[21] *Id.* at 4, 7-8, 20.
[22] ECF No. 14.
[23] *Id.* ¶¶ 65-123.
[24] 368 F.3d 1271, 1272, 1274 (10th Cir. 2004).
[25] *Id.* at 1278.

*Esposito* has no bearing on the dispute here because it addressed the proper application of Rule 17—not section 1654, Rule 11, this Court's Local Rule 83.1(d), or Alabama law. *Esposito* thus has nothing to do with the core issue in this case: the prohibition on the unauthorized practice of law, and the corollary that pleadings born from non-attorney legal representation are nullities. On *that* issue, the Tenth Circuit has made clear that such pleadings violate applicable laws and rules, and are thus unacceptable.[26]

The same can be said for *Hess v. United States*.[27] There, a widow filed a section 1983 complaint shortly before the statute of limitations ran, naming herself as plaintiff in her capacity as administratrix of her husband's estate.[28] When it turned out that she had not technically been the administratrix at the time she filed, she amended her original complaint, after the statute of limitations ran, to "reflect her new status as administratrix and to indicate her ratification of the initial filing of suit."[29] The Eleventh Circuit held that, because the widow had filed the lawsuit within the limitations period and the real party in interest (a duly appointed administratrix) joined and ratified the lawsuit shortly afterward, the joinder and ratification related back to the time of the initial filing under Rule 17(a).[30]

---

[26] *See Bunn v. Perdue*, 966 F.3d 1094, 1100 (10th Cir. 2020) (affirming district court's decision to strike motion filed by non-attorney on plaintiff's behalf in violation of district court's local rules).
[27] 689 F.2d 977, 979 (11th Cir. 1982).
[28] *Id.*
[29] *Id.*
[30] *Id.* at 981-82.

8

For the same reasons that *Esposito* has no bearing on this action, neither does *Hess*. It says nothing about the unauthorized practice of law, or the fact that non-attorney representation of others is prohibited by federal and state law. The Eleventh Circuit has in fact made clear elsewhere that it is appropriate to dismiss a non-attorney's pleadings filed on behalf of an estate.[31]

### C. The Court should not equitably toll the *Bivens* statute of limitations.

Federal courts apply this doctrine "sparingly."[32] Equitable tolling is only "appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence."[33] For example, the Eleventh Circuit once found that a civil war in El Salvador and the dominance of a brutal military dictatorship there rose to the extraordinary circumstances necessary to equitably toll the statute of limitations applicable to Salvadoran refugees' human-rights lawsuit against the military officials.[34]

In contrast, a plaintiff's "pro se status and ignorance of the law" do not qualify

---

[31] *Franklin*, 462 F. App'x at 930 (citing section 1654 in affirming 12(b)(6) dismissal of complaint filed by non-attorney on estate's behalf).
[32] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).
[33] *Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1197 (11th Cir. 2008) (quoting *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)); *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) ("Equitable tolling is only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence.").
[34] *Arce*, 434 F.3d at 1264.

as extraordinary.[35] Neither does his "inability to find or pay for an attorney."[36] If it did, "every pro se litigant who could not find counsel, and was not an attorney him or herself, would be entitled to equitable tolling."[37]

Mr. Iriele knew about the Estate's *Bivens* claims well before the deadline to assert them, and made "multiple" attempts to obtain counsel from November 2019 through the March 2020 filing deadline.[38] But the Estate didn't appear through counsel until after the statute of limitations ran.[39] Making multiple attempts to secure an attorney over a period of several months does not equate to the due diligence necessary to trigger equitable tolling. Even if it did, Mr. Iriele's inability to find counsel prior to March 2020 is not an extraordinary circumstance. As a result, the Court should decline to apply the equitable-tolling doctrine to preserve any of the Estate's claims. It should instead dismiss the complaint and amended complaint per Rule 12(b)(6).

---

[35] *Echemendia v. United States*, 710 F. App'x 823, 827 (11th Cir. 2017) (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997)).
[36] *Shenk v. State Univ. of New York at Cortland*, No. 519CV1287DNHATB, 2019 WL 7484046, at *4 (N.D.N.Y. Nov. 13, 2019) (declining to toll statute of limitations in lawsuit against university for improperly denying plaintiff a degree), *report and recommendation adopted*, No. 519CV1287DNHATB, 2020 WL 58628 (N.D.N.Y. Jan. 6, 2020).
[37] *Id.*
[38] *See* ECF No. 26 at 2-3.
[39] *Id.* at 4.

## **CONCLUSION**

The Court should dismiss the original complaint because it is a nullity. It should dismiss the amended complaint, too, because there was nothing to amend.

<div style="margin-left: 50%;">

Respectfully submitted,

PRIM F. ESCALONA
United States Attorney

*s/Thomas Borton*
Robert C. Pickren
Thomas Borton
Assistant United States Attorneys
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2001
Cooper.Pickren@usdoj.gov
Thomas.Borton@usdoj.gov

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on 24 February 2021, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*s/Thomas Borton*
Thomas Borton
Assistant United States Attorney