# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| GRANT SUNNY IRIELE, as the personal representative of the estate of Rosemary Ewere Iriele, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | 7:20-cv-00383-LSC |
| RICHARD CARROLL GRIFFIN, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Rosemary Ewere Iriele was an inmate at a federal prison in Pickens County, Alabama. She died in custody on March 21, 2018. Acting as the executor and personal representative of Ms. Iriele's estate (hereinafter "the estate"), Grant Iriele filed a *pro se* lawsuit in March 2020. His complaint, brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 406 U.S. 388 (1971), accuses prison officials of violating Ms. Iriele's Eighth Amendment right to be free from cruel and unusual punishment.

In January 2021 the Court noticed and raised an issue *sua sponte*: Grant Iriele is not admitted to the practice of law in Alabama. The Court ordered the parties to brief whether Mr. Iriele could (1) legally represent the estate on a *pro se* basis and, (2) if not, whether this matter should be dismissed.

After careful consideration of the briefs and cited authority, the Court finds that Mr. Iriele had no authority to file and prosecute a lawsuit on the estate's behalf. The original complaint is therefore a legal nullity. No amendment can cure this existential defect.

I

28 U.S.C. § 1654 authorizes federal litigants to "plead and conduct their own cases personally or by counsel." This right to self-representation is "a personal right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). Other people and other legal entities like corporations, *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), partnerships, *id.*, and trusts, *see J.J. Rissell, Allentown, Pa. Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) have unique and individualized interests. Nonlawyers are presumed incapable of well-representing those interests. *Cf. Guajardo v. Luna*, 432

F.2d 1324, 1324 (5th Cir. 1970) ("An ordered society has a valid interest in limiting legal representation to licensed attorneys.").[1]

The question presented here is whether an estate's executor brings his "own case" (or the case of another) when he files a *pro se* lawsuit on an estate's behalf. While the Eleventh Circuit hasn't answered this question in a published opinion,[2] a clear majority rule has developed across the other courts of appeals: A *pro se* executor suing on an estate's behalf brings his "own case" only when (1) he is the estate's sole beneficiary and (2) the estate has no outstanding creditors. *See, e.g., Murray on Behalf of Purnell v. City of Phila.*, 901 F.3d 169, 171 (3d Cir. 2018); *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016); *Bass v. Leatherwood*, 788 F.3d 228 (2015); *Jones ex rel. Jones v. Corr. Med. Servs.*, 401 F.3d 950, 952 (8th Cir. 2005); *Pridgen v. Anderson*, 113 F.3d 391, 394 (2d Cir. 1997) ("We now hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant.").

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before September 30, 1981.

[2] The Eleventh Circuit attempted to address this issue in *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988). The Court divided evenly and provided no binding guidance.

This Court will apply that majority rule here. Persuasive authority from unpublished Eleventh Circuit opinions and from federal district courts have consistently prohibited executors from representing estates *pro se*, especially when an estate has multiple beneficiaries and outstanding creditors. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("Because [the executrix], as a non-lawyer, was not permitted to proceed *pro se* on behalf of [the estate], she can prove no set of facts entitling her to relief. Thus, the district court properly dismissed her complaint pursuant to Rule 12(b)(6)."); *Bennett v. Mina*, 3:20-cv-1288-J-34JRK, 2020 WL 6826424, at *1 n.1 (M.D. Fla. Nov. 20, 2020). And these federal authorities are consistent with Alabama law, which generally disallows *pro se* litigants from "fil[ing] a complaint on behalf of anyone else, even an estate of which he is an executor." *Godwin v. State ex rel. McKnight*, 784 So. 2d 1014, 1015 (Ala. 2000).

Grant Iriele had no authority to file this lawsuit because the estate has three other beneficiaries and at least one outstanding creditor. (Doc. 13.) These other parties hold a financial stake in the estate's claims, including the Eighth Amendment claim at issue here. So Grant Iriele "pleaded and conducted" *their* case—not just his own—when he initiated this action.

Mr. Iriele believes he cured any defect by having an attorney appear and file an amended complaint nearly eight months after this lawsuit's inception. This Court

disagrees. In *Jones ex rel. Jones v. Correctional Medical Services, Incorporated*, 401 F.3d 950 (8th Cir. 2005), an executor of a deceased inmate's estate brought a *pro se* lawsuit on the estate's behalf. *Id.* at 951. A district court dismissed the case because, like here, the executor was not a licensed attorney and because the estate had other beneficiaries and outstanding creditors. *Id.* at 951–52. On appeal the plaintiff argued that dismissal was improper because an amended complaint would cure the defect and "relate back" to the original complaint's filing. *Id.* at 952. The Eighth Circuit rejected that argument:

> "In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.
>
> . . . [B]ecause the original complaint, as a nullity never existed, . . . an amended complaint cannot relate back to something that never existed, nor can a nonexistent complaint be corrected."
>
> . . .
>
> Adrian Jones committed the unauthorized practice of law. Because professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response, the defect cannot be amended.

*Id.* (quoting *Davenport v. Lee*, 72 S.W. 3d 85, 94 (Ark. 2005)).

Page **5** of **6**

This Court agrees with the *Jones* reasoning. Grant Iriele had no right to represent the estate's beneficiaries and creditors. He had no right, in other words, to file and prosecute the estate's claims on a *pro se* basis. The operative complaint is therefore a legal nullity, and his amended pleading only amends a nullified document.

This matter is due to be dismissed without prejudice. If the estate chooses to prosecute the claims at issue, a licensed attorney must refile in a court of competent jurisdiction.[3]

II

This case is **DISMISSED WITHOUT PREJUDICE**. Costs are taxed against the plaintiff. The pending Motion to Stay Rule 26 Obligations (Doc. 30) is **TERMINATED AS MOOT**.

**DONE** and **ORDERED** on June 29, 2021.

L. Scott Coogler
United States District Judge

203323

---

[3] The Court makes no ruling as to whether the estate's claims are time barred and, if so, whether the doctrine of equitable tolling applies to those otherwise-untimely claims.