UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | |
|---|---|
| **GRANT SUNNY IRIELE**, as the personal representative of the estate of Rosemary Ewere Iriele (a.k.a. Rosemary Ofume), </br></br>   Rosemary Iriele, </br></br> v. </br></br> **RICHARD CARROLL GRIFFIN**, *et al.*, </br></br>   Defendants. | No. 7:20-cv-383-LSC |

## INDIVIDUAL FEDERAL DEFENDANTS' ANSWER TO ROSEMARY IRIELE'S SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b) & (c), Defendants Richard Carroll Griffin, Elizabeth A. Knopp, and Christopher P. Potter, (collectively, "Individual Federal Defendants) answers Rosemary Iriele's Second Amended Complaint (SAC), filed with the Court on January 5, 2024 (Dkt. No. 70), as follows:

The Individual Federal Defendants deny each and every allegation contained within the SAC and each and every claim for relief thereof which is not hereinafter expressly admitted or otherwise pled.

**NATURE OF THE CASE**

1.  Admit.

2.  Denied.

1

3. Denied.

4. Admitted to the extent that Rosemary Iriele was incarcerated at FCI Aliceville and provided medical care by that institution. The remainder of the allegations contained in Paragraph 4 refer to parties other than the remaining Individual Federal Defendants and which have been adjudicated by this Court. *See* Dkt. No. 66 (Memorandum of Opinion). As to the allegations, claims and parties that the Court dismissed, a response is not required.

5. Admitted that Rosemary Iriele died while in custody. The remainder of the allegations contained in Paragraph 5 are denied.

## JURISDICTION AND VENUE

6. Admit.

7. Admit.

## PARTIES

8. Admit.

9. Neither admit nor deny. Officer Jones has not been identified, and the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the allegations contained within Paragraph 9.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admitted to the extent that Rosemary Iriele's medical records from August 24, 2017 reflect that Rosemary Iriele's heartrate was 110 beats per minute. The Individual Federal

Defendants are without sufficient knowledge or information to form a reasonable belief as to the remainder of the allegations in paragraph 15.

16. Admitted to the extent that Rosemary Iriele's medical records reflect administration of a Tuberculin Skin Test. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the remainder of the allegations in Paragraph 16.

17. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 17.

18. Denied.

19. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 19.

20. Admitted that the medical records reflect a heartrate of 102 beats per minute during a clinical encounter on August 31, 2017. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the remainder of the allegations contained in Paragraph 20.

21. Admitted that Rosemary was examined by Defendant Griffin on September 13, 2017, and that Defendant Griffin is a medal doctor and medical officer for FCI Aliceville. Admitted that the medical records reflect a heartrate of 119 beats per minute. The remainder of the allegations in Paragraph 21 are denied.

22. Admit.

23. Admitted that Rosemary Iriele was transferred from FCI Aliceville to FCI Lovejoy in September 2013. The Individual Federal Defendants are without sufficient

knowledge or information to form a reasonable belief as to the allegations contained in Paragraph 23.

24. Admitted that Rosemary Iriele was transferred back to FCI Aliceville on or about March 7, 2018. Admitted that Rosemary Iriele's intake screening was conducted by d\Defendant Etheridge and cosigned by Defendant Griffin. Admitted that the medical records reflect a heartrate of 105 beats per minute. The remainder of the allegations contained in Paragraph 14 are denied.

25. Admitted that Defendant Etheridge administered a TST test during Rosemary Iriele's intake screening. The remainder of the allegations in Paragraph 25 are denied.

26. Denied.

27. Denied.

28. Neither admit nor deny that Rosemary Iriele recounted the event to her children by phone; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegation. The remainder of the allegations in Paragraph 28 are denied.

29. Denied that Rosemary Iriele became gravely ill after administration of the TST on March 8, 2018. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the remainder of the allegations in Paragraph 29.

30. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 30.

31. Admitted that Rosemary Iriele visited the clinic on March 15, 2018, and was seen by Defendant Potter. The remainder of the allegations contained in Paragraph 31 are denied.

32. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 32.

33. Denied.

34. Admitted that Defendant Griffin is a medical doctor and was a medical officer at FCI Aliceville at that time. The remaining allegations contained in Paragraph 34 are denied.

35. Admitted that Rosemary Iriele initiated a sick call visit on March 29, 2018, and that Rosemary Iriele complained of a cough, congestion, and fever. Admitted that Rosemary Iriele was seen by defendant Knopp and that Rosemary Iriele's heartrate was recorded at 113 beats per minute. Admitted that the notes of clinical encounter were cosigned by Defendant Griffin. The remainder of the allegations contained in Paragraph 35 are denied.

36. Denied.

37. Denied.

38. Admitted that Rosemary Iriele's medical records reflect a weight of 173 pounds on March 14, 2018, and 164 pounds on March 19, 2018. The remainder of the allegations contained in Paragraph 38 are denied.

39. Denied.

40. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 40.

41. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 41.

42. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 42.

43. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 43.

44. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 44.

45. Admitted that Rosemary Iriele's heartrate was recorded as 113 beats per minute at her March 19, 2018 clinical encounter with Defendant Knopp. Admitted that Defendant Griffin cosigned the notes of clinical encounter.

46. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 46.

47. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 47.

48. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 48.

49. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 49.

50. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 50.

51. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 51 addressing the actions or observations of unnamed Correctional Officers. The remainder of the allegations contained in Paragraph 51 are denied.

52. The allegations contained in Paragraph 52 address the actions or observations of unnamed Correctional Officers and Rosemary Iriele's cellmate; the Individual Federal

Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of these allegations.

53. Admitted that staff performed CPR in Rosemary Iriele's cell. The remainder of the allegations contained in Paragraph 53 are denied.

54. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in Paragraph 54. To the extent a response is required, the allegations contained in Paragraph 54 are denied.

55. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in Paragraph 55.

56. Admitted that a spoliation letter was sent to FCI Aliceville after Rosemary Iriele's death. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 56.

57. The allegations contained in Paragraph 57 refer to the beliefs or actions of nonparties; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

58. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 58.

59. Denied.

60. Admitted that the state autopsy report identifies pulmonary infarction as the cause of death. The remainder of the allegations contained in Paragraph 60 are denied.

61. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 61, which refer to the actions or observations of nonparties.

62. Denied.

63. Denied.

64. The Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 64, which refer to the actions of unidentified individuals.

65. Denied.

## COUNT I

**Eighth Amendment: Deliberate Indifference as to Medical Needs (Against All Individual Defendants)**

*Defendant Griffin*

66. Paragraph 66 contains no factual allegations to which a response is required.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Paragraph 72 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 72 correctly summarizes the legal standard for deliberate indifference in violation of the Eighth Amendment.

73. Paragraph 73 contains no factual allegations to which a response is required; to the extent that a response is required, admit that Paragraph 73 is an accurate statement of law.

74. Paragraph 74 contains no factual allegations to which a response is required; to the extent that a response is required, admit that Paragraph 74 is an accurate statement of law.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied that Defendant Griffin is not entitled to qualified immunity. The remainder of Paragraph 81 contains no factual allegations to which a response is required.

82. Denied.

*Defendant Elizabeth Knopp*

83. Paragraph 83 contains no factual allegations to which a response is required.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Paragraph 89 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 89 is an accurate statement of law.

90. Paragraph 90 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 90 is an accurate statement of law.

91. Paragraph 91 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 91 is an accurate statement of law.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied that Defendant Knopp is not entitled to immunity because she was not performing a legitimate job-related function through means that were in her power to utilize. The remainder of Paragraph 98 contains no factual allegations to which a response is required.

99. Denied.

*Defendant Christopher Potter*

100. Paragraph 100 contains no factual allegations to which a response is required.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Paragraph 106 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 106 is an accurate statement of law.

107. Paragraph 107 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 107 is an accurate statement of law.

108. Paragraph 108 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 108 is an accurate statement of law.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied that Defendant Potter is not entitled to immunity because he was not performing a legitimate job-related function through means that were in his power. The remainder of Paragraph 114 contains no factual allegations to which a response is required.

115. Denied that Defendant Potter is not entitled to immunity. The remainder of Paragraph 115 contains no factual allegations to which a response is required.

116. Denied.

### *Defendant Officer Jones*

117. Paragraph 117 contains no factual allegations to which a response is required.

118. The allegations contained within Paragraph 118 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

119. Paragraph 119 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 119 is an accurate statement of law.

120. Paragraph 120 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 120 is an accurate statement of law.

121. Paragraph 121 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 121 is an accurate statement of law.

122. Paragraph 122 contains no factual allegations to which a response is required; to the extent that a response is required, admitted that Paragraph 122 is an accurate statement of law.

123. The allegations contained within Paragraph 123 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

124. The allegations contained within Paragraph 124 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

125. The allegations contained within Paragraph 125 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

126. The allegations contained within Paragraph 126 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

127. Denied.

128. The allegations contained within Paragraph 128 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

129. The allegations contained within Paragraph 129 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

130. The allegations contained within Paragraph 130 refer to an unidentified party; the Individual Federal Defendants are without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations.

## ANSWER TO PRAYER FOR RELIEF

In answering the SAC's Prayer for Relief, the Individual Federal Defendants deny that the allegations raised constitute a violation of Eighth Amendment or any of Rosemary Iriele's civil or constitutional rights. The Individual Federal defendants also deny: 1) any and all allegations of misconduct on their part, 2) that Rosemary Iriele was injured in any way by any conduct attributed to them; and 4) that Rosemary Iriele is entitled to any relief, claimed or otherwise.

## AFFIRMATIVE DEFENSES

The SAC fails to state a claim upon which relief may be granted against the Individual Federal Defendants because:

1) Their conduct did not constitute a violation of the Eighth Amendment;

2) Their conduct did not rise to the level of deliberate indifference; and

3) The Individual Federal Defendants are entitled to qualified immunity.

Having responded to the allegations of the Second Amended Complaint, the Individual Federal Defendants request that this action be dismissed with prejudice, that they be awarded costs, and that the Court grant such other and further relief as may be appropriate under the circumstances.

Date:   January 19, 2024                    Respectfully submitted,

                                            C. SALVATORE D'ALESSIO, JR.
                                            Director
                                            Torts Branch, Civil Division

                                            RICHARD MONTAGUE
                                            Senior Trial Counsel
                                            Torts Branch, Civil Division

                                            *s/Kelly Heidrich*
                                            KELLY HEIDRICH
                                            Senior Trial Attorney
                                            Constitutional Torts Staff
                                            Torts Branch, Civil Division
                                            U.S. Department of Justice
                                            Ben Franklin Station, P.O. Box 7146
                                            Washington, D.C. 20044-7146
                                            T: (202) 616-4371
                                            Kelly.Heidrich@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on January 19. 2024, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*s/Kelly Heidrich*
KELLY HEIDRICH
Senior Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
