IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GRANT SUNNY IRIELE, as Personal Representative of the Estate of ROSEMARY OFUME, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: 7:20-cv-00383-ACA |
| RICHARD CARROLL GRIFFIN, ET AL., ) ) ) | UNOPPOSED[1] |
| Defendants. ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Plaintiff Grant Sunny Iriele respectfully moves this Court to certify a controlling question of law for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court's Opinion (Doc. 65) dismissed Plaintiff's Federal Tort Claims Act ("FTCA") claims against the United States based on the discretionary function exception, thereby removing the United States as a party to this litigation.

Because the dismissal turns on a purely legal question concerning the scope of the FTCA's discretionary function exception and the legal effect of Bureau of Prisons medical directives, certification is appropriate.

**I.   Legal Standard**

This Court may certify an interlocutory appeal under 28 U.S.C. § 1292(b). The statute provides, in part:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to

---

[1] Plaintiff's counsel has consulted with Defendants' counsel prior to filing this motion. Defendants have no opposition to this motion.

  which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). As the statute provides, this Court can find that a non-final order deserves interlocutory review if (1) a controlling issue of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal materially advances the ultimate termination of the litigation. *Id. See also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

II.  **Arguments and Authorities**

  A.  **The Order presents a controlling question of law.**

The Court dismissed Plaintiff's FTCA claims after concluding that the discretionary function exception applies to the conduct at issue, including the Bureau of Prisons' implementation of medical treatment obligations and staffing decisions.

That ruling presents the following controlling legal question:

  Whether the FTCA discretionary function exception bars claims alleging that federal prison officials violated mandatory medical treatment obligations set forth in Bureau of Prisons Program Statement 6031.04.

This question is purely legal and does not require further factual development. An interlocutory appeal is appropriate if the non-final order involves (1) a controlling issue of law as to which there is (2) substantial ground for difference of opinion and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258, 1264 (11th Cir. 2004) (holding that §1292(b) certification is appropriate where the issue is a pure question of law). The resolution of this question directly determines whether the United States remains a party to the case.

"First, a question of law is considered "controlling" if it has the potential of substantially accelerating the disposition of the litigation, even if it would not terminate the case." *Aituo v. Publix Super Mkts., Inc.*, 2020 U.S. Dist. LEXIS 84722, at *3 (N.D. Ga. May 14, 2020) (internal citations and quotations omitted). A controlling question of law includes "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin* 381 F.3d at 1259. Here, Plaintiff's proffered legal question is controlling because if the appellate court later determined that the district court erred, then this Court would be required to reverse this judgment, after entering a final judgment as to the individual defendants, and essentially re-open the case and go through discovery, dispositive motions, and potentially additional trial(s).

### B.  There is substantial ground for difference of opinion.

To make such a showing, Plaintiff must establish "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are plied on the issue." *Flaum v. Doctor's Assocs., Inc.*, 2016 U.S. Dist. LEXIS 187912, at *2 (S.D. Fla. Oct. 27, 2016). Substantial ground for difference of opinion exists where courts disagree regarding the proper interpretation of the governing law or where the issue involves the unsettled interaction of legal doctrines. *McFarlin* 381 F.3d at 1259.

That standard is satisfied here because courts have reached differing conclusions regarding whether Bureau of Prisons program statements and similar internal directives impose sufficiently mandatory duties to remove government conduct from the Federal Tort Claims Act's discretionary function exception.

The discretionary function exception shields governmental conduct involving judgment grounded in policy considerations. *See United States v. Gaubert*, 499 U.S. 315, 322–23 (1991).

However, the exception does not apply where "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Gaubert*, 499 U.S. at 322.

The Eleventh Circuit has recognized that internal Bureau of Prisons policies may, in certain circumstances, define mandatory duties that constrain discretion. For example, in *Cohen v. United States*, 151 F.3d 1338, 1344–45 (11th Cir. 1998), the court explained that violations of mandatory directives contained in Bureau of Prisons program statements may expose the government to liability under the FTCA when those directives prescribe specific conduct.

At the same time, the Eleventh Circuit has also held that broad statutory duties imposed on the Bureau of Prisons—such as the duty to safeguard prisoners under 18 U.S.C. § 4042—leave prison officials with significant discretion regarding how those duties are carried out. *See Shivers v. United States*, 1 F.4th 924, 929 (11th Cir. 2021). Likewise, the court has emphasized that the discretionary function exception often applies where prison officials exercise judgment concerning inmate care and prison operations. *See Zelaya v. United States*, 781 F.3d 1315, 1329–30 (11th Cir. 2015).

The question presented by this case lies at the intersection of these authorities: whether the medical-treatment directives contained in Bureau of Prisons Program Statement 6031.04 impose sufficiently mandatory obligations to remove the challenged conduct from the discretionary function exception.

The Court's Order recognized that BOP Program Statement 6031.04 articulates specific medical treatment standards and may define duties owed to inmates, yet ultimately concluded that the discretionary function exception still bars Plaintiff's FTCA claims. Given the tension between precedent recognizing the discretionary nature of many prison administration decisions and precedent acknowledging that mandatory federal policies may remove conduct from the

4

discretionary function exception, reasonable jurists could disagree regarding the correct application of the FTCA in these circumstances.

Courts addressing similar issues have reached differing conclusions regarding the extent to which BOP program statements constrain official discretion in the provision of inmate medical care. This uncertainty demonstrates that the issue presented here is not merely fact-specific but involves a significant and unsettled legal question concerning the scope of the FTCA's discretionary function exception in the federal prison context.

Accordingly, substantial ground for difference of opinion exists, and certification under §1292(b) is appropriate.

### C. Immediate appeal will materially advance the termination of the litigation.

The resolution of this legal question will materially advance the ultimate termination of the litigation. *McFarlin*, 381 F.3d at 1259. In other words, the resolution of this question "would serve to avoid a trial or otherwise substantially shorten litigation." *Id.* A post-trial reversal from the appellate court on the FTCA issues would prolong the duration of this litigation and potentially require a second trial, should the appellate court find that Plaintiff's FTCA claims were erroneously dismissed. Immediate appellate review ensures that the parties and this Court will not litigate this action to a final judgment only to be required to re-litigate after the Eleventh Circuit weighs in on this question.

If the Eleventh Circuit determines that the discretionary function exception does not apply, the United States would be reinstated as a defendant and the FTCA claims would proceed alongside the remaining constitutional claims. Because the presence or absence of the United States as a party fundamentally alters the scope of discovery, liability, and potential damages, resolution of this legal issue now will significantly affect the structure of the case.

### III.     Conclusion

For these reasons, Plaintiff respectfully requests that the Court certify the above question for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

        Respectfully submitted,

        */s/Nicki L. Lawsen*
        Sidney M. Jackson
        Samuel Fisher
        Nicki L. Lawsen
        *Attorneys for the Plaintiff*
        **Wiggins, Childs, Pantazis, Fisher**
        **& Goldfarb, LLC**
        The Kress Building
        301 Nineteenth Street North
        Birmingham, Alabama 35203
        sjackson@wigginschilds.com
        sf@wigginschilds.com
        nlawsen@wigginschilds.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of March, 2026, I have served a true and correct copy of the foregoing via the Court's CM/ECF filing system upon all counsel of record.

        */s/Nicki L. Lawsen*
        OF COUNSEL